This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dempsey Drake, Jr. ("Drake"), appeals the decision of the Elyria Municipal Court denying his appeal of an Administrative License Suspension (ALS). We affirm.
 I.
On March 25, 2001, Ohio State Highway Patrol Sergeant Timothy Jankowski observed Drake speeding in his Chevrolet truck on Rt. 57 in Grafton Township in Lorain County, Ohio. Sergeant Jankowski proceeded to pull over the vehicle. When the trooper asked for Drake's driver's license, Drake first admitted that he left it at home. He then produced a State of Ohio identification card. Sergeant Jankowski later determined that Drake's driver's license was suspended.
Sergeant Jankowski observed an odor of alcohol on or about Drake's person. When the trooper inquired as to whether Drake had been drinking, Drake admitted to consuming a couple of beers. Sergeant Jankowski proceeded to administer field sobriety tests. Sergeant Jankowski testified that he observed 5 out of 6 clues on the horizontal gaze nystagmus test (HGN), indicating that Drake was driving under the influence of alcohol. Sergeant Jankowski also testified that Drake swayed and put his foot down during the one-leg stand test. However, the trooper stated that Drake performed satisfactorily on the walk and turn test. The trooper also administered a portable breath test on the scene, which also indicated a prohibited concentration of alcohol. Based upon his observations, Sergeant Jankowski placed Drake under arrest for DUI.
Sergeant Jankowski transported Drake to the Patrol Post, where he read the BMV 2255, or implied consent form, to Drake. Drake refused to submit to a chemical test to determine his blood-alcohol content, and pursuant to R.C. 4511.191, his driving privileges were immediately suspended. Sergeant Jankowski then completed the BMV 2255 to effect Drake's ALS.
On April 12, 2001, Drake appealed his ALS to the trial court pursuant to R.C. 4511.191. An evidentiary hearing was held on May 7, 2001. The trial court denied the appeal on June 11, 2001, finding that Drake failed to prove by a preponderance of the evidence that any of the four conditions of R.C. 4511.191(H) were not met. The trial court also stated that the procedural irregularities challenged by Drake were not relevant to his ALS appeal. This appeal followed.
 II. Assignment of Error 1 THE ALS NEVER CAME INTO EXISTENCE BECAUSE TROOPER JANKOWSKI NEVER FILED A VALIDLY COMPLETED AFFIDAVIT SWEARING THE CONTENTS OF FORM 2255 WITH EITHER THE BUREAU OF MOTOR VEHICLES OR THE ELYRIA MUNICIPAL COURT.
 Assignment of Error 2 THE TRIAL COURT ERRED IN CONCLUDING IT WAS WITHOUT AUTHORITY TO ADJUDICATE "PROCEDURAL IRREGULARITIES" IN THE ALS SUSPENSION AT ISSUE AT THE ALS HEARING CONDUCTED PURSUANT TO R.C. 4511.191(H)(1).
As Drake's first and second assignments of error are related, we will discuss them together. In his first two assignment of error, Drake contends that it was error for the trial court to conclude that any alleged procedural irregularities in the ALS notification process were not relevant to his appeal. We disagree.
The basis of Drake's argument is that Sergeant Jankowski's signature on the BMV 2255 was not notarized within his presence and as such, he asserts that the form was not validly sworn as required by R.C.4511.191(D)(1)(c). Drake contends that this "defect" voids his ALS because Sergeant Jankowski failed to provide a sworn report first to Drake and then to the registrar.
An individual whose license is subject to an ALS for refusing a breath test may appeal the ALS to the trial court. Pursuant to R.C. 4511.191(H), the scope of the appeal is limited to the following determinations:
 Whether the law enforcement officer had reasonable ground to believe the arrested person was driving under the influence and whether the arrested person was placed under arrest;
 Whether the law enforcement officer requested the arrested person to submit to the chemical test designated pursuant to division (A) of this section;
 Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test; and
 Whether the arrested person refused to submit to the chemical test, or whether the chemical test results indicated a prohibited concentration of alcohol in the blood, breath, or urine, whichever situation is appropriate.
By limiting the appeal to these four areas, R.C. 4511.191(H) bars consideration of whether the procedures mandated by the statute have been met. Langen v. Caltrider (Aug. 20, 1998), Montgomery App. No. 17698, unreported. Thus, Drake's ALS appeal was limited to contesting these four areas. As his argument concerned an alleged defect in the way the officer signed the form and thereby swore to its contents, the trial court was correct in its conclusion that this was beyond the scope of an ALS appeal pursuant to R.C. 4511.191(H).
Drake's first and second assignments of error are overruled.
 Assignment of Error 3 THE ARRESTING OFFICER DID NOT HAVE REASONABLE GROUNDS TO BELIEVE AT THE TIME OF THE ARREST THAT DEMPSEY DRAKE WAS OPERATING A VEHICLE UPON A HIGHWAY USED BY THE PUBLIC FOR VEHICLE TRAFFIC WITHIN THE STATE OF OHIO WHILE UNDER THE INFLUENCE OF ALCOHOL.
In his third assignment of error, Drake asserts that the trial court erred in its denial of his ALS appeal because Sergeant Jankowski lacked reasonable ground to believe that Drake was operating a vehicle while under the influence. We disagree.
As noted in our discussion of Drake's first and second assignments of error, when the trial court considers an ALS appeal, it is limited in its review to the four conditions set forth in R.C. 4511.191(H)(1). Drake challenges the trial court's finding that the trooper had a reasonable ground to believe Drake was driving under the influence, the condition set forth in R.C. 4511.191(H)(1)(a). Drake had the burden of proving, by a preponderance of the evidence, that a condition listed in R.C.4511.191(H)(1) was not satisfied and that his suspension should be terminated. R.C. 4511.191(H)(2).
We begin by noting that an appellate court may reverse a judgment as against the manifest weight of the evidence where the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.Frederick v. Born, (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14; State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
In this case, Sergeant Jankowski testified that he observed an odor of alcohol on or about Drake's person which persisted even after the trooper asked him to step out of his car. Sergeant Jankowski also testified that Drake exhibited five out of six indicators in the HGN test and that Drake put his foot down and swayed during the one-leg stand test. Based upon these observations, he placed Drake under arrest for driving while under the influence.
John Hahn testified for the defense. Hahn stated that he was a passenger in Drake's vehicle on the night in question. He admitted that the two of them consumed two beers each that night. Hahn testified that he did not observe any of the field sobriety tests given to Drake because Drake performed those tests behind the vehicle.
Drake also testified in his defense. He testified that he did not put his foot down during the one-leg stand test. He further stated that during the HGN test, he had to blink repeatedly due to the wind and snow. He also stated that the trooper was facing the patrol car, with the overhead lights and headlights shining toward him.
Although Drake presented conflicting testimony, we decline to overturn the trial court's decision merely because the judge believed the State's evidence. Matters of credibility are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Drake had the burden to prove by a preponderance of the evidence that the trooper did not have a reasonable ground to believe that Drake was driving under the influence. The trial court found that he failed to meet this burden. We find no indication that the trial court lost its way and committed a manifest miscarriage of justice in denying Drake's ALS appeal.
Drake's third assignment of error is overruled.
 III.
Having overruled Drake's three assignments of error, we affirm the judgment of the trial court denying Drake's ALS appeal.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., BATCHELDER, J. CONCUR.